UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>URAMET</small> I<small>NTERNATIONAL</small>, LLC,

    Plaintiff,

v.

B<small>RINK'S</small> U.S., <small>A DIVISION OF</small> B<small>RINK'S</small>,
I<small>NCORPORATED</small>,

    Defendant.

                                      /

Case No. 16-cv-13630

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
A<small>NTHONY</small> P. P<small>ATTI</small>

**O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANT'S</small> E<small>X</small> P<small>ARTE</small> M<small>OTION</small> F<small>OR</small> L<small>EAVE</small> T<small>O</small> E<small>XCEED</small>
P<small>AGE</small> L<small>IMIT</small> [4] <small>AND</small> S<small>TRIKING</small> D<small>EFENDANT'S</small> M<small>OTION TO</small> D<small>ISMISS</small> [5] <small>FOR</small>
F<small>AILURE TO</small> C<small>OMPLY WITH</small> L<small>OCAL</small> R<small>ULE</small> 5.1(A)(3)**

On May 12, 2016, Auramet International, LLC ("Plaintiff" or "Auramet") brought suit against Brink's U.S., a division of Brink's, Incorporated ("Brink's" or "Defendant") in the Eastern District of Michigan regarding losses of approximately $4 million dollars from Auramet's vault at Brink's facility in Detroit, Michigan. *See Auramet International, LLC v. Brink's U.S.*, No. 16-cv-11700 (E.D. Mich. July 27, 2016). Brink's then moved to dismiss the case, arguing, in part, that Auramet failed to properly pled diversity jurisdiction. Auramet's response stated: "Upon review of Defendant's motion and following a discussion of the jurisdictional issues with defense counsel, Plaintiff has concluded that diversity jurisdiction is lacking in this case." The case was then voluntarily dismissed.

On September 14, 2016, Auramet filed suit against Brink's in Wayne County Circuit Court, alleging the same causes of action as in the previous suit in federal district court. *See* Dkt. No. 1-2, pp. 15–27 (Pg. ID No. 28–40). Brink's then removed the suit back to federal district court on October 12, 2016, alleging that diversity jurisdiction exists. *See* Dkt. No. 1.

On October 19, 2016, Brink's filed two motions. First, Brink's filed an Ex Parte Motion for Leave to File Motion to Exceed the Page Limit in Brief in Support of Motion to Dismiss and/or Strike. Dkt. No. 4. In that motion, Brink's seeks permission to file a brief that exceeds the normal page limit of 25 pages, but that does not exceed thirty (30) pages in length. The Court will **GRANT** this motion and allow Defendant to file a brief not to exceed 30 pages as part of its motion.

In the second motion, Brink's filed a Motion to Dismiss Plaintiff's Complaint Under Rule 12(b)(1) or 12(b)(7). Dkt. No. 5. Although this motion fell within the normal page limits set for briefs, Local Rule 7.1(d)(3)(A), it contains several lengthy footnotes in a small type size that violates Local Rule 5.1(a)(3). E.D. Mich. L.R. 5.1(a)(3) ("Except for standard preprinted forms that are in general use, type size of **all text and footnotes** must be no smaller than 10-1/2 characters per inch (non-proportional) or **14 point** (proportional).") (emphasis

-3-

added). Accordingly, the Court **STRIKES** Defendant's Motion to Dismiss for its failure to comply with the Local Rules.

    IT IS SO ORDERED.

Dated:    October 21, 2016

                                        /s/Gershwin A Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge